
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOUNDATION FOR GLOBAL SPORTS DEVELOPMENT, a California Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES OLYMPIC COMMITTEE, a Federally Chartered Corporation, *et. al.*,<br><br>　　　　Defendants. | Case No.: CV 20-4782 FMO (PVCx)<br><br>**PROTECTIVE ORDER** |

1.  <u>INTRODUCTION</u>

　　1.1　<u>PURPOSES AND LIMITATIONS</u>

　　Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment

1

under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1.2   GOOD CAUSE STATEMENT

Defendants assert that good cause exists for the entry of the stipulated protective order.  To facilitate discovery and document production and to avoid the delay that would result if Plaintiff were to contest the need for a protective order, Plaintiff makes this stipulation with Defendants for this limited protective order.  Plaintiff's First Amended Complaint alleges, inter alia, claims for breach of contract and fraud arising from: (1) Defendants' alleged misuse of and failure to account for funds Plaintiff donated to Defendants pursuant to written grant agreements; and (2) allegedly misleading statements Defendants purportedly made to Plaintiff to induce Plaintiff to make donations to Defendants and to an organization called SafeSport, including statements about Defendants' actions to respond to or remedy and prevent athlete abuse, including through the creation of SafeSport, and about funds that Defendants had already received for SafeSport.  To date, Plaintiff has issued 77 Requests for Production which seek, inter alia, (1) Defendants' financial and accounting records related to how Plaintiff's funds were used by Defendants and if the funds were used for the programs specified in the written agreements, (2) records showing donations or commitments for the funding of SafeSport, and (3) documents showing Defendants' knowledge regarding the abuse of athletes and Defendants' actions to respond to and prevent such abuse.  Defendants have issued Requests for Production and other discovery requests to Plaintiff, and the parties anticipate that each side will issue further discovery requests.

Defendants assert that the documents Plaintiff has requested will include Defendants' internal accounting and financial records and bank account statements,

and also may reveal information regarding donations by third parties, including names, donation amounts, and confidential financial and personal information. Defendants further assert that without confidentiality protections, the production of such and similar documents would invade the privacy interests of Defendants and third parties.  Thus, the parties agree that certain and limited documents and information warrant "Confidential" treatment pursuant to the terms of this stipulation.

      Defendants dispute the relevance of documents regarding suspected sexual abuse and have not agreed to their production.  Plaintiff contends such documents relate directly to allegations in the complaint.  Nonetheless, if the Court orders Defendants to produce, Defendants assert that those documents would likely reveal the allegedly abused athletes' names, birth dates, and other identifying information, including the facts, circumstances, and other information related to their suspected abuse.  Some of those athletes may be minors.  Those persons' interests in maintaining the privacy and confidentiality of such information outweighs the public's interest in disclosure, and therefore may be treated "Highly Confidential" pursuant to the terms of this stipulation.

2.      DEFINITIONS

     2.1    Action: This pending federal law suit.

     2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

     2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. Confidential Information may include: (a) bank account statements, financial statements, business records, or accounting records; (b) financial records, accounting records, and similar documents evidencing

donations to and from third parties; (c) personnel files and other personal information relating to Defendants and/or their employees, such as date of birth or home address; (d) records whose disclosure is restricted or prohibited by applicable state or federal law (if just social security number, that will be redacted); and (e) personal information about athletes or other third parties provided with an expectation of confidentiality.

      2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

      2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

      2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

      2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

      2.8    "HIGHLY CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. "Highly Confidential" Information may include documents, files, portions of files, transcribed testimony, or responses to a discovery request not made available to the public and designated in good faith in the manner provided below as containing information related to the suspected abuse of athletes.

      2.9    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or attorneys who are affiliated with a law firm which has appeared on behalf of that party, including Paul S. Malingagio, Esq. and David Ulich, Esq., partners at Sheppard, Mullin, Richter & Hampton LLP, counsel for GSD, and includes support staff.

2.12     Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14     Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as well as any information copied or extracted therefrom, and any copies or excerpts thereof.

2.16     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

Except as provided in Paragraph 7.3, the protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose

1  unnecessary expenses and burdens on other parties) may expose the Designating
2  Party to sanctions.
3        If it comes to a Designating Party's attention that information or items that it
4  designated for protection do not qualify for protection, that Designating Party must
5  promptly notify all other Parties that it is withdrawing the inapplicable designation.
6        A Party may increase the designation (*i.e.*, change any material produced
7  without a designation to a designation of "CONFIDENTIAL" or "HIGHLY
8  CONFIDENTIAL" or designate any material produced as "CONFIDENTIAL" to a
9  designation of "HIGHLY CONFIDENTIAL") of any document that contains that
10 Party's own Confidential Information.  Increasing a designation shall be
11 accomplished by providing written notice to all parties identifying (by bates number
12 or other individually identifiable information) the material whose designation is so
13 increased.  Promptly after providing such notice, the upward Designating Party shall
14 provide re-labeled copies of the materials to each Receiving Party reflecting the
15 change in designation.  The Receiving Party will replace the incorrectly designated
16 material with the newly designated materials and will destroy the incorrectly
17 designated materials.  Any Party may object to the increased designation pursuant to
18 the procedures set forth in Paragraph 6 of this Stipulated Protective Order regarding
19 challenging designations.  The upward Designating Party shall bear the burden of
20 establishing the basis for the increased designation and provide it to the Receiving
21 Party at the time of the modification in writing.  Notwithstanding the foregoing, if a
22 Receiving Party has previously disclosed the upward designated material to a person
23 entitled to receive the material under its initial designation, that person shall not be
24 obligated to return that upward designated material.
25       5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in
26 this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise
27 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
28

1 under this Order must be clearly so designated before the material is disclosed or
2 produced.
3     Designation in conformity with this Order requires:
4     (a) for information in documentary form (*e.g.*, paper or electronic
5 documents, but excluding transcripts of depositions or other pretrial or trial
6 proceedings), that the Producing Party affix at a minimum, the legend
7 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter
8 "CONFIDENTIAL or HIGHLY CONFIDENTIAL legend"), to each page that
9 contains protected material. If only a portion or portions of the material on a page
10 qualifies for protection, the Producing Party also must clearly identify the protected
11 portion(s) (*e.g.*, by making appropriate markings in the margins).
12     A Party or Non-Party that makes original documents available for inspection
13 need not designate them for protection until after the inspecting Party has indicated
14 which documents it would like copied and produced. During the inspection and
15 before the designation, all of the material made available for inspection will be
16 deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." After the inspecting
17 Party has identified the documents it wants copied and produced, the Producing
18 Party must determine which documents, or portions thereof, qualify for protection
19 under this Order. Then, before producing the specified documents, the Producing
20 Party must affix the "CONFIDENTIAL or HIGHLY CONFIDENTIAL legend" to
21 each page that contains Protected Material. If only a portion or portions of the
22 material on a page qualifies for protection, the Producing Party also must clearly
23 identify the protected portion(s) (*e.g.*, by making appropriate markings in the
24 margins).
25     (b) for testimony given in depositions that the Designating Party identify
26 the Disclosure or Discovery Material on the record, before the close of the
27 deposition all protected testimony. Alternatively, within ten (10) days of receipt of
28 a transcript or recording of a deposition, the Designating Party may designate such

transcript or recording or any portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by notifying the court reporter and all parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Transcript pages containing protected material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as instructed by the Designating Party.  Unless and until a transcript or portion of a transcript has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within the 10-day period, the transcript shall be treated only as previously designated at the deposition.  Nothing in this section shall preclude Counsel from discussing with Counsel's client or summarizing in writing to Counsel's client the portions of the deposition that are not identified as "HIGHLY CONFIDENTIAL" during the deposition or within ten (10) days of receipt of a transcript or recording of the deposition.  With respect to portions of the transcript designated at any time as "HIGHLY CONFIDENTIAL," Counsel may only disclose to Counsel's client the date of the alleged abuse and the sport in which the abuse was alleged to have occurred.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3  <u>Redaction in Lieu of Designation</u>.  If testimony, documents or information produced contains both information warranting protection and information that does not warrant protection, the parties agree to meet and confer in good faith to prepare a version which redacts the information warranting protection so that a non-confidential version may be used.

9

5.4     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the

conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, and specifically including Paul S. Malingagio, Esq. and David Ulich, Esq., who are partners at Sheppard, Mullin, Richter & Hampton LLP, counsel for GSD;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

1      (h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any documents designated "HIGHLY CONFIDENTIAL" only to the following persons:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, and specifically including Paul S. Malingagio, Esq. and David Ulich, Esq., who are partners at Sheppard, Mullin, Richter & Hampton LLP, counsel for GSD;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

Nothing in this section shall preclude Counsel from disclosing to Counsel's client the existence of Highly Confidential documents. With respect to those Highly Confidential documents, Counsel may only disclose to Counsel's client the date of the alleged abuse and the sport in which the abuse was alleged to have occurred.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential

material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will

not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

**FOR GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED.**

DATED: November 13, 2020

HON. PEDRO V. CASTILLO
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Foundation for Global Sports Development v. The United States Olympic Committee et al.*, CV 20-4782 FMO (PVCx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____